546 F.2d 415
 76-2 USTC P 9774
 NOTICE: Third Circuit Rule 21(i) states citations to federal decisions which have not been formally reported should identify the court, docket number and date.
Vincent W. Balunas and Helen L. Balunas, Appellants
v.
Commissioner of Internal Revenue.
 No. 75-2086.
 United States Court of Appeals, Third Circuit.
 Oct. 12, 1976.
 
 Before VAN DUSEN, HUNTER and WEIS, Circuit Judges.
 PER CURIAM.
 
 Opinion of the Court
 
 1
 Petitioner Vincent Balunas filed suit in the Tax Court contesting income tax deficiencies assessed as a result of the disallowance of certain deductions listed on his 1966, 1968, and 1970 joint returns. Balunas, a free-lance consulting engineer, claimed substantial deductions for travel expenses incurred in connection with his work. He asserted that he was required to drive considerable distances from his home, where he apparently had his office, to job sites where he was required to stay for some weeks. On weekends he would return to his family and drive back to the job at the beginning of the following week.
 
 
 2
 The Commissioner disallowed the expenses incurred for the weekend trips, as well as deductions claimed for certain medical expenses, contributions, entertainment and travel which had not been satisfactorily substantiated.
 
 
 3
 Petitioner had alleged that he had been harassed and denied an adequate opportunity to explain his position to the Internal Revenue Service. He conducted the litigation without the aid of counsel. Mr. Balunas' inexperience in tax law, while understandable, contributed nevertheless to delay and confusion in the case, and has resulted in a record which is deficient in some respects.
 
 
 4
 At trial the Commissioner made substantial concessions, and the parties agreed to a stipulation of facts. As a result, the deficiency for 1966, originally calculated to be $947.11, was reduced to $412.07; that for 1968 was changed from $1,942.64 to $407.99; and for 1970, the reduction was from $1,433.51 to $171.41. However, through inadvertence, the Tax Court found deficiencies in the original, rather than the amended amounts. The matter accordingly must be remanded for the purpose of correcting these errors.
 
 
 5
 There are other items that should also be considered by the Tax Court on remand.
 
 
 6
 Included in the deductions for 1968 was $479.00 expended for travel to home on a number of weekends during that year. This figure was not specifically listed in the return but was the amount the IRS finally conceded was in dispute. The 1970 return claimed similar expenditures in the sum of $1,980.00. At trial, the Commissioner acquiesced in the $479.00 amount but disputed its deductibility. Although the record is not as clear with respect to the $1,980.00 figure for 1970, it seems that here, too, the controversy is whether that category of expense is a proper deduction rather than a lack of substantiation.
 
 
 7
 In essence, the Internal Revenue Service asserts that the disputed items fall into the category of nondeductible commuting expenses. However, the findings and opinion of the Tax Court discussed the travel expenses only in the context of substantiation--an issue apparently conceded by the Service--and failed to address the propriety of the deductions. Consequently, there was no consideration given to whether the criteria set forth in Commissioner v. Flowers [46-1 USTC p 9127], 326 U.S. 465 (1945), have been met, nor was there any discussion of Revenue Ruling 54-497, which reads in part:
 
 
 8
 "When an employee is assigned for several weeks or months to a minor or temporary post of duty, he will often return from that location on intervening nonworking days to his family and distant residence. Section 39.23(a)-2(f) of Regulations 118 provides that only such expenses as are reasonable and necessary in the conduct of the business and directly attributable to it may be deducted. This principle prohibits the deduction of expenses incurred on such trips to the extent they exceed the cost of meals and lodging which otherwise would have been deductible if the employee had remained during his nonworking days at or near his minor or temporary post of duty."
 
 
 9
 Since the record is insufficiently developed and neither petitioner nor respondent has discussed this ruling, we' think it appropriate that the question be considered in the first instance by the Tax Court.
 
 
 10
 Similarly, we note that the notice of deficiency for 1966 was not sent until June 29, 1972, well beyond the three-year period specified in 26 U.S.C. Sec. 6501(a). Although the court was aware of this fact, it did not make any inquiry because the petitioner failed to specifically plead the statute of limitations as required by Tax Court Rule 39. However, that court's Rule 41 encourages liberality in allowing amendments and, accordingly, the court may wish to give some consideration to the letter written by petitioner on April 9, 1975, in which he requested information about the statute of limitations. Again, the record is such that we can do no more than bring the matter to the attention of the Tax Court.
 
 
 11
 There is no merit to the other contentions raised by petitioner on appeal. We find no error in the determination that deductions beyond those conceded by the Commissioner were not adequately substantiated. We cannot say whether a basis might exist for petitioner's complaints about harassment by administrative personnel in the Internal Revenue Service, and it is difficult to determine the relevancy of those contentions. However, we do think it is appropriate to comment that a review of the trial transcript shows that Judge Irwin was extremely patient and helpful with this pro se litigant and extended every possible consideration. The record also reflects the careful efforts of government counsel to present the case in a fair and proper manner.
 
 
 12
 The decision of the Tax Court will be vacated and the case will be remanded for further consideration in light of this opinion.